In re Wallace Ray STAHL, Norma Faye Tyler Stahl.

Bankruptcy No. 584–01182–S13.

United States Bankruptcy Court,
W.D. Louisiana,
Shreveport Division.

Jan. 21, 1986.

Stephen G. Good, Anderson, Miller & Sifford, Dallas, Tex., for Mover, Lloyd's of London.

Ralph Scott Bowie, Jr., Graves, Daye, Bowie & Beresko, Shreveport, La., for debtor-opponent.

## MEMORANDUM RULING

LeROY SMALLENBERGER, Bankruptcy Judge.

Wallace Ray Stahl and Norma Faye Tyler Stahl filed a petition for relief under Chapter 13 of the U.S. Bankruptcy Code.

Lloyd's of London filed a Motion for Relief from Automatic Stay to permit proceedings against the debtor, Wallace Ray Stahl, in Texas State Court in the case styled, *"Various Underwriters at Lloyd's of London versus Wallace Stahl"*, being Cause No: 83–16395–M, currently pending in the 298th Judicial District Court, Dallas County, Texas.

Lloyd's brought the above-mentioned lawsuit against the debtor, on December 16, 1983, alleging both common law fraud and breach of an insurance contract. On January 10, 1984, the debtor filed an answer generally denying the allegations contained in Lloyd's Original Petition. More than seventeen months after the debtor filed his Answer in the State Court action, Stahl's attorney advised Lloyd's that the debtor had filed Bankruptcy.

In the lawsuit Lloyd's alleges that it paid $66,500.00 insurance coverage on a truck owned by the debtor. Lloyd's alleges that it relied on statements made by the debtor in making that payment, and Lloyd's alleges that those statements were false and fraudulent. In the State Court suit, Lloyd's of London is seeking repayment of $66,750.00, plus $150,000.00 in exemplary and punitive damages.

■ Lloyd's seeks relief from the automatic stay of section 362 of the Bankruptcy Code, in order to continue to proceed with its Texas State Court suit. The debtor argues that Lloyd's wishes to try the issue of dischargeability under section 523(a)(2) in State Court, rather than in Bankruptcy Court. The Court disagrees. Upon obtaining a Judgment against the debtor in the State Court action, Lloyd's would have to seek a determination from this Bankruptcy Court that the debtor's liability, based upon a finding of fraud in the State Court, is a nondischargeable debt. The power to determine nondischargeability is a "core" proceeding under 28 U.S.C. 157(b)(2)(J); the fraud issues, however, may not necessarily be within the exclusive jurisdiction of this Court. We believe, however, that Congress intended to give the Bankruptcy Court the freedom not to be bound by a State Court Judgment. *In re Houtman* 568 F.2d 651 (9th Cir.1978).

■ In *Carey Lumber Co. v. Bell*, 615 F.2d 370 (5th Cir.1980) the Court of Appeals indicated that neither res judicata nor collateral estoppel, bar this Court from reviewing facts by which a Court may determine the nature, character and, ultimately, the dischargeability of a debt. Thus, the debtor is still afforded the opportunity of this Court's experience in bankruptcy when the issue of dischargeability under the Code is raised. As the case now stands, however, the Court does not believe that considerations of judicial economy outweigh the real practical effect of forcing this bankrupt Louisiana resident to continue to proceed in Texas State Court. The Texas State Court matter will remain stayed and the issue of whether a debt is dischargeable under 523(a)(2) will proceed in this Court pursuant to 28 U.S.C. 157(b)(2)(J).